# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Dr. KAREN BARBOSA,

        Plaintiff,    :    Case No. 3:07-cv-338

 - vs -    District Judge Walter Herbert Rice

AMERICAN OSTEOPATHIC BOARD    Chief Magistrate Judge Michael R. Merz
OF SURGERY, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on a Motion for Judgment on the Pleadings by Defendants American Osteopathic Board of Surgery (AOBS), Bureau of Osteopathic Specialists (BOS), and the American Osteopathic Association (AOA) (Doc. No. 12). Plaintiff has opposed this Motion (Doc. No. 16-2) and the moving Defendants have filed a reply memorandum in support (Doc. No. 17).

This case was referred to the undersigned United States Magistrate Judge under 28 U.S.C. §636(b) on February 15, 2008 (Preliminary Pretrial Conference Order, Doc. No. 18).

> to perform any and all functions authorized for full-time United States Magistrate Judges by statute, including, without limiting the generality of the foregoing, all motion to remand removed cases to state court, all motions to dismiss or for judgment on the pleadings under Fed. R. Civ. P. 12, and all discovery-related motions. In each such case, the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72.

Fed. R. Civ. P. 72 requires a report and recommendations on a motion under Fed. R. Civ. P. 12(c).

## Jurisdiction

Plaintiff Karen Barbosa brought this action seeking injunctive and monetary relief, asserting the Defendants violated her rights under the Americans with Disabilities Act (ADA) by not

affording her "reasonable accommodations for a medical board exam" taken on September 13, 2006. (Complaint, Doc No. 1, ¶25).

Plaintiff's cause of action arises under Title III of the ADA, 42 U.S.C. §12182 which prohibits places of public accommodations and private entities that provide services `from discriminating against people "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations" provided by such places. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

**Standard for Decision**

In ruling on a motion for judgment on the pleadings, the Court must accept all the factual allegations of the complaint as true. *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001);*Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991)(citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51, 61 S. Ct. 418, 85 L. Ed. 2d 577 (1941)). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complain is true. *Mayter v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857 (6th

Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* __U.S.__, 127 S. Ct. 1955 (2007), citing 5 C. Wright & A. Miller, Federal Practice and Procedure, §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 228(1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").
>
> [W]hen the allegations in the complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " Wright and Miller §1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1952); see also *Dura Pharmaceuticals, Inc. V. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), at 346, 125 St. Ct. 1627.

*Bell Atlantic* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957) (Specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") However, in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), the Court unanimously reaffirmed the notice pleading requirement. *See also Neitzke v. Williams*, 490 U.S.. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hison v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 229, 91 L. Ed. 2d 59 (1984); *Monette v. Electronic Data System, Inc.*, 90 F.3d 1173, 1189 (6th Cir. 1996).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.

1988); *followed Allard v. Weitzman (In Re DeLorean Moror Co.)*, 991 F.2d 1236 (6th Cir. 1990); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusion are not sufficient. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*, citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); see also Wright & Miller, Federal Practice and Procedure: Civil 2d §1357 at 311-318 (1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley,* --U.S.–,127 S. Ct. 1955, 1964-65 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (198 6) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

**Background**

The Plaintiff contends she is disabled as defined under the ADA as she was diagnosed on February 25, 1995, with Dyslexia and on December 7, 1998, with Abnormal Auditory Perception, Impairment of Auditory Discrimination, and Abnormal Auditory Processing. (Compl., Doc. No. 1, ¶¶ 11, 12).  Dr. Barbosa contends she was discriminated against, in violation of the ADA, because the Defendants did not provide her reasonable accommodations for her handicap during the oral board examinations that are required to become a board-certified surgeon. (Compl., Doc. No. 1, ¶¶ 7, 8, 10).  Although Dr. Barbosa provided notice of her disability to Defendant AOBS in advance

of the testing date, indicating that she needed a private room and extra time to complete the examination, her request was denied. (Compl., Doc. No. 1, ¶¶ 20, 22).

On September 13, 2006, the day of the examination, Dr. Barbosa also claims Defendant AOBS discriminated against her. After taking a break to use the restroom, Dr. Barbosa was locked out of the testing room and therefore arrived late to several of the questions. This happened in spite of Defendant AOBS's policy that everyone who used the restroom was to be escorted.. (Compl., Doc. No. 1, ¶25). Dr. Barbosa claims that as a result of both incidents, she failed the exam. (Compl., Doc. No. 1, ¶ 34).

Additionally, Dr. Barbosa claims that she was retaliated against by all the Defendants for seeking "reasonable accommodations" and later appealing the decision not to provide such accommodations during the examination. (Compl, Doc. No. 1, ¶¶ 45, 50, 55). As a result, Dr. Barbosa seeks injunctive relief and monetary damages including: compensatory damages in the amount of $3,000,000 for lost salary, including loss "due to time spent on appeals, legal hearings, and time to study and re-take the exam in dispute," an undisclosed amount for restitution, pain and suffering, lost future earnings and employment opportunities, and $10,000,000 in punitive damages due to discriminatory ill-will and animus. (Compl., Doc No. 1, ¶74).[1]

### Defendants' Motion

Defendants seek a partial judgment on the pleadings concerning monetary damages Dr. Barbosa seeks under Title III of the ADA, counts I, III, IV and V. Defendants assert that the Dr. Barbosa is legally precluded from receiving monetary damages because Title III of the ADA only

---

[1] Plaintiff, in the complaint, had inconsistently numbered the paragraphs. As such, for the convenience of the Court, the Court has renumbered the paragraphs.

provides private parties with injunctive relief, not monetary damages. The Defendants do not claim that the Complaint is factually insufficient to support the claim, only that if the court should find that Dr. Barbosa is entitled to relief under Title III, the only remedy afforded to her is an injunction. This Court agrees.

Dr. Barbosa asserts that the Defendants violated Title III of the ADA, 42 U.S.C. §12189 and §12203. 42 U.S.C. §12189 prohibits discrimination in examinations and requires that courses "related to the licensing, certification, or credentialing for ... professionals " be administered "in a place and manner accessible to persons with disabilities." 42 U.S.C. §12203 prohibits a person from retaliating in response to a claim under the ADA and provides:

> "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation proceeding, or hearing under this chapter."

The applicable enforcement provision of both 42 U.S.C. §12189 and §12203 is 42 U.S.C. §2000a-3(a). *See Goodwin v. C.N.J. Inc.*, 436 F.3d 44, 50 (1st Cir., 2006)(holding that "the remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures [of] this subchapter."). §2000a-3(a) states that a person may bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." The words "preventive relief" clearly indicate that the relief afforded a person under Title III is proscriptive or forward-looking in nature. Such relief does not include relief meant to compensate for past wrongs such as: restitution, compensatory damages, or punitive damages. *Id.*

The Sixth Circuit has adopted this interpretation of Title III and held that a private individual seeking redress cannot recover monetary damages and may only obtain injunctive relief. *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286, 293 (6th Cir. 1999). Furthermore, this Court has recognized that Title III of the ADA does not authorize an award of monetary damages when private parties are

seeking redress. *See Davis v. Flexman*, 109 F.Supp. 2d 776, 783 (S.D. Ohio 1999). ("Unlike actions initiated by the Attorney General, when a private party alleges violations of Title III of the ADA, he or she may receive only injunctive relief, not damages.").

Additionally, courts have held that the only remedy afforded under Title III of the ADA to disabled medical and nursing students who seek relief because of a lack of accommodation is injunctive relief. *See Powell v. Nat'l Bd. Of Med. Examiner*s 364 F.3d 79, 86 (2d Cir. 2004) (holding that "a private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); *Scheibe v. Nat'l Bd. Of Med. Examiners*, 2005 WL 1114497, *4 (W.D. Wis. May 10, 2005). Additionally, courts have specifically held that the only relief available under 42 U.S.C. §12203 is injunctive relief. *See Rothman v. City of Chicago*, 2004 WL 2271851 *2 (N.D. Ill. Oct 6, 2004) (holding that "a plaintiff alleging retaliation based on public accommodation discrimination may seek only injunctive relief under the ADA.").

Contrary to the Plaintiff's assertion, the dissent in *Gonzales v. Nat'l Bd. Of Med. Examiners* only commented that it "appears doubtful" that private plaintiffs have a right to a jury trial under Title III because 42 U.S.C. §12188 "apparently" only authorizes injunctive relief and attorney's fees. 225 F.3d 620, 635. The dissenter did not state that such relief should have been granted, nor did the court in *Gonzales* grant any such relief. Indeed, when another court was faced with a similar determination it noted that "in reviewing this interesting legal issue, [it] has not been able to find any case which recognizes the right for money damages under Title III of the ADA to an individual plaintiff." *Hatcher v. RMR Investment Co.*, 2005 WL 2338788 *3 (M.D. Tenn. September 23, 2005).

It is accordingly respectfully recommended that Defendants' Motion for Partial Judgment on the Pleadings be granted.

May 23, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).