IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DR. KAREN BARBOSA,                           :

    Plaintiff,                               :
                                        Case No. 3:07cv338
    vs.                                      :
                                         JUDGE WALTER HERBERT RICE
AMERICAN OSTEOPATHIC BOARD              :
OF SURGERY, *et al.*,
                                         :
    Defendants.

---

VACATION OF REFERRAL TO MAGISTRATE JUDGE FOR LIMITED PURPOSE; DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #11) AND PLAINTIFF'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL (DOC. #29); OVERRULING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT INSTANTER (DOC. #30) AND OVERRULING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE EXPERT REPORT (DOC. #31), AS MOOT; REFERRAL TO MAGISTRATE JUDGE FOR PRETRIAL MANAGEMENT OF REMAINING CLAIMS

---

At the onset, because a motion for partial summary judgment is pending, this Court respectfully vacates the referral of this case to the Magistrate Judge, for pre-trial management purposes through the discovery deadline, in order to rule upon that pending motion. Doc. #18. As to the issues presently before it, the Court notes that the parties to this litigation are the Plaintiff, Dr. Karen Barbosa, who brings claims against Defendants, American Osteopathic Board of Surgery, Bureau of Osteopathic Specialities and American Osteopathic Association. Doc. #1.

The claims of the Plaintiff, who allegedly has multiple disabilities, center on asserted improprieties that occurred as a result of her taking and failing a medical board exam to become a board-certified surgeon.

On December 4, 2007, a Rule 26(f) Report, which had been signed by all parties, was filed with the Court. Doc. #10. The following day, the Defendants filed a Motion for Partial Summary Judgment.[1] Doc. #11. Subsequently, the Plaintiff filed and the Court sustained a Motion to file, instanter, a response to the Motion for Partial Summary Judgment, attaching the response thereto. Doc. #16; Not. Order, dtd. Feb. 18, 2008. The Defendants timely replied. Doc. #17.

In their Motion for Partial Summary Judgment, the Defendants move for judgment on part of Count I[2] (Americans with Disabilities Act ("ADA") claim), all of Count II (Rehabilitation Act claim) and all of Count VI (claims under 42 U.S.C. § 1981 and § 1983).[3] In the meantime, however, the Plaintiff has moved to

---

[1]On this same date, the Defendants also filed a Motion for Partial Judgment on the Pleadings. Doc. #12. The Court subsequently adopted Magistrate Judge Merz's Report and Recommendations (Doc. #23), on this Motion, in favor of the Defendants. Doc. #24. That Motion pertained solely to the availability of monetary damages under the ADA.

[2]In Count I, the Plaintiff brings a claim under Titles I-III, of the ADA. The Defendants seek summary judgment only as to the claims under Titles I and II.

[3]The Court takes note of the fact that, in their Joint Motion to Stay Case Management Dates, the parties state that the "Partial Motion for Summary Judgment requests that Defendants be granted judgement as a matter of law on all of Plaintiff's claims except her allegations of a violation of Title III of the ADA." Doc. #25 at 2. The Court's review of the Motion for Partial Summary Judgment, however, shows no indication that the Defendants have moved for judgment on

2

voluntarily dismiss Counts II and V, which will be further addressed herein. Doc. #29.

In her responsive memorandum, the Plaintiff argues that factual disputes exist for which she has not had adequate time to conduct discovery, to wit: whether she was denied reasonable accommodations, whether she was retaliated against for asserting her ADA rights and whether the Defendants are the recipients of federal funds.[4] Doc. #16, Attach. #1.

Upon initial review of the Defendants' Motion for Partial Summary Judgment and the parties' briefing thereon, by Order dated July 23, 2008, the Court instructed the Plaintiff to file a Rule 56(f) Motion, with a supporting affidavit that included a description of the information needed and an affirmative demonstration of how the requested discovery would permit her to rebut the grounds alleged for Summary Judgment (limited to the three issues she had raised in her responsive memorandum, supported with proper Rule 56 evidence), along with a projected date by which the requested discovery would be complete. Doc. #26. The Plaintiff was ordered to file said Motion within ten (10) calendar days of that Order. Id.

---

Counts III-V, all of which pertain to the Plaintiff's claim for retaliation, under Title IV, of the ADA.

[4]In support of the arguments in their Motion for Partial Summary Judgment, the Defendants attach an affidavit from the Executive Director of Defendant American Osteopathic Association, John B. Crosby. Doc. #11, Attach. #1. The Plaintiff has filed no Rule 56 materials, in support of her response to the Defendants' Motion.

On September 16, 2008, the Plaintiff filed a Motion for Partial Dismissal, asking the Court to dismiss, with prejudice, Count II (Rehabilitation Act claim) and Count VI (claims under 42 U.S.C. § 1981 and § 1983), of her Complaint.[5] Doc. #29. The Plaintiff also filed a Motion for Leave to File Supplemental Affidavit Instanter (Doc. #30), in response to the Court's Order directing her to File a Rule 56(f) Motion (one and one-half months past the Court ordered response time), and a Motion to Extend Time to File Expert Report (Doc. #31).

After a recitation of the facts, the Court will initially address the Plaintiff's Motion to Dismiss, followed by a discussion of her Motion for Leave to File Supplemental Affidavit Instanter and Motion to Extend Time to File Expert Report. The Court will then rule upon the Defendants' Motion for Partial Summary Judgment.

---

[5]In the meantime, the Plaintiff also filed a Motion to Dismiss (Doc. #27) and a Motion for Extension of Time to File Affidavit in Opposition to Summary Judgment (Doc. #28), both of which were overruled by the Magistrate for failure to comply with S.D. Ohio Rule 7.3, without prejudice to renewal after compliance. Not. Orders dtd. Aug. 8 & 14, 2008.

I.   FACTS[6]

    A.   <u>Facts Pertaining to Plaintiff</u>

The Plaintiff contends that she is disabled, as defined under the ADA, as she has been diagnosed with Dyslexia, Abnormal Auditory Perception, Impairment of Auditory Discrimination, and Abnormal Auditory Processing. Doc. #1 (Compl.) ¶¶ 11, 12.  The Plaintiff contends that she was discriminated against, and continues to be retaliated against, because the Defendants did not provide her reasonable accommodations for her handicap during the oral board examinations that are required to become a board-certified surgeon. Id. ¶¶ 7, 8, 10.  Although the Plaintiff provided notice of her disability to Defendant American Osteopathic Board of Surgery ("AOBS") in advance of the testing date, indicating that she needed a private room and extra time to complete the examination, her request was denied. Id. ¶¶ 16-23.

On September 13, 2006, the day of the examination, the Plaintiff also claims that Defendant AOBS further discriminated against her.  After taking a break to use the restroom, the Plaintiff was locked out of the testing room and therefore arrived late to several of the questions.  This happened in spite of Defendant AOBS's alleged policy that everyone who used the restroom was to be escorted. Id. ¶ 25.

---

[6]Since this case comes before the Court on the Defendants' Motion for Partial Summary Judgment, the Court sets forth the facts and circumstances giving rise to such Motions in the manner most favorable to the Plaintiff, as the party against whom the Motion is directed. <u>Servo Kinetics, Inc. v. Tokyo Precision Instruments</u>, 475 F.3d 783, 790 (6th Cir. 2007).

The Plaintiff claims that as a result of both incidents, she failed the exam. Id. ¶ 34. Additionally, the Plaintiff claims that she was retaliated against by all the Defendants for seeking "reasonable accommodations" and later appealing the decision not to provide such accommodations during the examination, with such retaliation coming in various forms, to wit: failure to respond to communications, hostility towards Plaintiff during exam, discriminatory grading of exam, refusing to allow Plaintiff to have legal representation during appeal, and refusing to commit to whether Plaintiff could have reasonable accommodations for future exams. Id. ¶¶ 45, 46, 50, 55.

### B. Facts Pertaining to Defendants

Defendant American Osteopathic Association ("AOA") serves as the primary certifying body for doctors of osteopathic medicine ("D.O.s"). Doc. #11, Attach. #1 (Crosby Aff.) ¶ 4. Defendant Bureau of Osteopathic Specialties is a committee of the AOA with responsibility for oversight of the board certification program for D.O.s. Id. ¶ 5. Defendant AOBS defines the qualifications required of D.O.s, by examination and other evaluations, for certification in surgery. Id. ¶ 6.

Each of the Defendants is, and always has been, a private, non-public entity. Id. ¶ 7. None of the Defendants has ever been a state agency or governed by a state agency. Id. ¶¶ 8-10. None of the Defendants has ever received federal financial assistance. Id. ¶ 11. Additionally, at no time have any of the Defendants

employed the Plaintiff, nor has the Plaintiff ever sought employment with any of the Defendants. Id. ¶¶ 12-13.

II.	MOTION FOR PARTIAL VOLUNTARY DISMISSAL

The Plaintiff has filed a Motion for Partial Voluntary Dismissal, asking the Court to dismiss, with prejudice, Count II (Rehabilitation Act claim) and Count VI (claims under 42 U.S.C. § 1981 and § 1983) of her Complaint. Doc. #29.  The Defendants having consented, the Court hereby SUSTAINS said Motion.

III.	MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT INSTANTER AND MOTION TO EXTEND TIME TO FILE EXPERT REPORT

As previously noted, the Court directed the Plaintiff to file a Rule 56(f) Motion, with a supporting affidavit, which included a description of the information needed and an affirmative demonstration of how the requested discovery would permit her to rebut the grounds alleged for summary judgment (limited to the three issues she had raised in her memorandum in opposition to the Defendants' Motion for Partial Summary Judgment, to wit:  whether she was denied reasonable accommodations, whether she was retaliated against for asserting her ADA rights and whether the Defendants are the recipients of federal funds). Doc. #26.  In response, the Plaintiff filed a Motion for Leave to File Supplemental Affidavit Instanter, on September 16, 2008, with an accompanying memorandum and affidavit. Doc. #30.  The Defendants declined to consent to said Motion. Id.  In

conjunction with this Motion, the Plaintiff also filed a Motion to Extend Time to File Expert Report, to which the Defendants consented. Doc. #31.

The memorandum in support of the Motion for Leave to File Supplemental Affidavit Instanter focuses primarily on the Plaintiff's reason for delay in responding within the time frame, as set forth by the Court. Doc. #30 at 2-3.  As to the affidavit, it reiterates various factual allegations contained in the Complaint, further expounds on the reasons for delay in responding to the Court's Order, and then explains that the Plaintiff recently located an expert whom the Plaintiff "believes is qualified to give an expert opinion on the learning disabilities established by [her] diagnosis" and whom she anticipates will "provide an expert opinion on [her] learning disability and the importance of accommodations when taking exams." Doc. #30, Attach. #1 (Barbosa Aff.) ¶¶ 8, 11.

As to the Motion to Extend Time to File Expert Report, the Plaintiff requests an extension of time to file the aforementioned expert's report (phrased as "[a]ll expert reports," on the attached proposed Order) to November 3, 2008, "with the condition that all other deadlines set by this Court remain[] stayed pending a ruling on the Motion for Summary Judgment."[7] Doc. #31.

The Court finds that the Plaintiff's Motion for Leave to File Supplemental Affidavit Instanter and accompanying affidavit are not responsive to its Order directing the Plaintiff to file a Rule 56(f) Motion, in that they do not address any of

---

[7]The deadline for filing expert reports was July 1, 2008. Doc. #22; Not. Order, dtd. Mar. 27, 2008.

8

the issues she raised in her memorandum in opposition to the Defendants' Motion for Partial Summary Judgment (whether she was denied reasonable accommodations, whether she was retaliated against for asserting her ADA rights or whether the Defendants are the recipients of federal funds).  Furthermore, although the affidavit does pertain to the general subject of reasonable accommodations (but not as to whether she was denied the same), the Court concludes that the subject of reasonable accommodations is not at issue in the Defendants' Motion for Partial Summary Judgment.[8]

Therefore, the Court OVERRULES the Plaintiff's Motion for Leave to File Supplemental Affidavit Instanter. Doc. #30.  The Court also OVERRULES the Plaintiff's Motion to Extend Time to File Expert Report, as moot. Doc. #31.

IV.   SUMMARY JUDGMENT STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on

---

[8]The issue of "reasonable accommodations" is germane to the Plaintiff's claim under Title III of the ADA, but the Defendants have not moved for summary judgment on that claim.

9

>file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Rest., Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex, 477 U.S. at 324.  "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." Mich. Prot. & Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly

can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).  In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255.  If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998).

In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990); see also L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561 (7th Cir. 1993); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992), cert. denied, 506 U.S. 832 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . .").  Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and

11

admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

V.     TITLES I AND II OF THE ADA

    A.     Title I

Title I of the ADA (42 U.S.C. §§ 12111-12117) pertains to employment and provides, in general, that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  The Sixth Circuit recognizes that an individual is discriminated against, in violation of Title I of the ADA, "when she or he is fired solely because of a disability," or when an employer is involved in "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of [their] disability." Mahon v. Crowell, 295 F.3d 585, 589 (6th Cir. Tenn. 2002) (citing Maddox v. University of Tennessee, 62 F.3d 843, 846 (6th Cir. 1995) and quoting 42 U.S.C. § 12112(b)(1)).

The Defendants set forth evidence that indicates that the Plaintiff was neither an employee nor an applicant for employment, with any of the Defendants. The Plaintiff points to no evidence to the contrary.  Because the Plaintiff has not

12

set forth evidence to create a genuine issue of material fact on her Title I ADA claim, the Defendants' Motion for Partial Summary Judgment (Doc. #11) is SUSTAINED, as to the part of Count I that pertains to Title I of the ADA.

B. <u>Title II</u>

Title II of the ADA (42 U.S.C. §§ 12131-12165) pertains to the provision of public services. In general, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Act defines "public entity" to mean:

> (A) any State or local government;
>
> (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
>
> (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service.

42 U.S.C. § 12131(1).

The Defendants have set forth evidence to indicate that none of the Defendants are public entities, as that term is defined in 42 U.S.C. § 12131(1). The Plaintiff provides nothing in response. Because the Plaintiff has not set forth evidence to create a genuine issue of material fact on her Title II ADA claim, the Defendants' Motion for Partial Summary Judgment (Doc. #11) is SUSTAINED, as to

the part of Count I that pertains to Title II of the ADA.

VI.     CONCLUSION

The Court SUSTAINS the Defendants' Motion for Partial Summary Judgment (Doc. #11), which pertains to the Plaintiff's claims under Title I and Title II of the ADA (Count I).[9]  The Court SUSTAINS the Plaintiff's Motion for Partial Voluntary Dismissal (Doc. #29), which pertains to the Plaintiff's claims as asserted in Count II (Rehabilitation Act) and Count VI (42 U.S.C. § 1981 and § 1983).  The Court OVERRULES the Plaintiff's Motion for Leave to File Supplemental Affidavit Instanter (Doc. #30).  The Court OVERRULES the Plaintiff's Motion to Extend Time to File Expert Report (Doc. #31), as moot.

As a result of the Court's ruling hereunder, the following of the Plaintiff's claims are still viable:  Count I, as to the claim under Title III of the ADA[10]; Count III; Count IV; and Count V.

---

[9]The Court is proceeding with its ruling on the Defendants' Motion for Partial Summary Judgment not only because the Plaintiff failed to follow its Order regarding the filing of the Rule 56(f) Motion, but because it does not appear that the Plaintiff will ever be able to present evidence to create a genuine issue of material fact as to her claims under Title I or Title II of the ADA.  Should the Plaintiff believe that she will be able to obtain such evidence, however, she may file a motion for reconsideration of this Decision, within sixty (60) days of the instant date, as long as she attaches proper Rule 56 evidence in support thereof or a proper Rule 56(f) Motion.

[10]As that claim has been modified, if at all, by the ruling in favor of the Defendants (pertaining to the availability of monetary damages) on their Motion for Partial Judgment on the Pleadings. Doc. #23 (Magistrate's R&R); Doc. #24 (Court's Order Adopting R&R).

This matter is re-referred to the United States Magistrate Judge for pre-trial management on the remaining claims.

September 22, 2008

                        /s/ Walter Herbert Rice
                        _____
                        WALTER HERBERT RICE, JUDGE
                        UNITED STATES DISTRICT COURT

Copies to:
Counsel of record